HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY L. MARTIN, | No. 2:20-cv-00735-RAJ |
| Plaintiff, | |
| v. | |
| AMERICAN AIRLINES, INC., | ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the Court on Defendant American Airlines, Inc.'s ("Defendant") motion to transfer venue to the Eastern District of Pennsylvania. Dkt. # 18. Plaintiff Kelly L. Martin ("Plaintiff") opposes the motion. Dkt. # 22. Defendant submitted an unopposed revised motion to transfer venue. Dkt. # 27. Having considered the briefing, record, and relevant case law, the Court **GRANTS** the motion.

## II.   BACKGROUND

On May 9, 2018, Plaintiff boarded an American Airlines flight from Seattle-Tacoma International Airport in Sea-Tac, Washington, to Philadelphia International Airport in Philadelphia, Pennsylvania. Dkt. # 1-1 ¶ 4.1. Approximately 30 minutes into

ORDER – 1

the flight, she began experiencing severe cramping and nausea. *Id.* ¶ 4.7. She began vomiting and dry heaving and sought the assistance of flight attendants. *Id.* ¶ 4.9. Plaintiff alleges that despite her insistence that "there was something seriously wrong and that she had not been drinking," the flight attendants failed to obtain medical assistance for her. *Id.* ¶¶ 4.11-4.15. Specifically, Plaintiff notes that one flight attendant informed her that they were not going to wake up other passengers to see if there were any medical personnel on board and another flight attendant told the pilot that no medical attention was needed and that the flight should continue as scheduled. *Id.* ¶¶ 4.15-4.16. Plaintiff alleges that she suffered extreme pain and discomfort and was unable to move for the rest of the four-and-a-half hour flight. *Id.* ¶ 4.17. Despite this, she claims that no flight attendant checked on her for the remainder of the flight. *Id.* She also claims that no flight attendant assisted her in disembarking from the plane despite her repeated requests for assistance. *Id.* ¶¶ 4.19-4.20.

After disembarking, Plaintiff again requested medical assistance from flight attendants and gate agents but was informed that they first had to complete boarding the next flight. *Id.* ¶ 4.22. Plaintiff was placed on an electric transport to await medical assistance. *Id.* ¶ 4.23. She alleges that the gate agents and flight attendants made no effort to obtain medical assistance for her until the driver of the cart suggested that the gate agents call EMTs that were assigned to the airport. *Id.* ¶¶ 4.23-4.24. After the EMTs arrived and evaluated Plaintiff, she was taken to the emergency department at Methodist hospital. *Id.* ¶¶ 4.27-4.28. There, she was diagnosed with colonic sigmoid volvulus. *Id.* ¶ 4.28. Several days later, she underwent surgery to remove her large intestine. *Id.* ¶ 4.29. Plaintiff alleges that, but for the delay caused by the flight attendants in obtaining medical assistance for her, her condition would have been diagnosed much sooner and she may have been able to avoid a complete removal of her colon. *Id.* ¶ 4.30. She alleges that, as a consequence of her medical condition, she suffered severe and permanent harm. *Id.* ¶ 6.1.

ORDER – 2

1   On March 27, 2020, Plaintiff filed suit against American Airlines for negligence in King County Superior Court. *Id.* Defendant timely removed the case to this Court. Dkt. # 1 at 2-3. On August 10, 2020, Defendant filed the pending motion to transfer the case to Eastern District of Pennsylvania. Dkt. # 18 at 1. Plaintiff opposed the motion. Dkt. # 22. On October 7, 2020, Defendant filed a revised motion to correct errors in its prior motion. Dkt. # 27. The Court will consider the arguments in light of the revised motion.

### III.   LEGAL STANDARD

The court has discretion to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In ruling on a motion to transfer, the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (internal citation omitted). A defendant seeking transfer must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

Courts consider several factors when determining whether to transfer venue, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000). "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005).

### IV.   DISCUSSION

ORDER – 3

As a preliminary matter, the Court notes that Plaintiff filed a surreply and request to strike material in and attached to Defendant's reply in support of its motion to transfer venue. Dkt. #25. The Court has considered this request. Because the Court's decision regarding the transfer of venue does not rely in any part on the disputed material, however, the request is denied as moot.

Defendant moved to transfer this action to the Eastern District of Pennsylvania for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a). Dkt. # 18 at 5. The purpose of this section is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (internal quotations and citation omitted).

Before considering the above factors, the Court notes that none of the parties are currently Washington residents. Dkt. # 18 at 2. While Plaintiff, an officer in the United States Army, was stationed at Joint Base Lewis McChord in Washington at the time of the incident, she was subsequently transferred to Fort Stewart, Georgia, and then deployed to South Korea on September 30, 2020. Dkt. # 22 at 4. Plaintiff's deployment is limited to 275 days, as noted in Plaintiff's order from the Department of the Army. Dkt. # 22-2 at 5. Defendant is a Delaware Corporation with its principal place of business in Texas. Dkt. # 18 at 2.

With respect to the first *Jones* factor, the location where the contract was negotiated and executed, the Court finds that it weighs only slightly in favor of Plaintiff based on the fact the she purchased her ticket while she was in Washington. Because this is a negligence claim and not a breach of contract claim, and there was no contract "negotiation," this factor is relevant only to the extent Defendant might seek to rely on its defined responsibilities within the Contract of Carriage.

The second factor of familiarity with the governing law also fails to move the needle significantly. Defendant and Plaintiff agree that federal district courts in

ORDER – 4

Washington and Pennsylvania are equally capable of handling the legal issues that will arise in the case. *See,* Dkt. # 18 at 6; Dkt. # 22 at 10. If Defendant raises contract defenses, Washington courts would be more familiar with law involving contracts entered into in Washington. This weighs slightly in favor or Plaintiff.

The third factor, concerning a plaintiff's choice of forum, generally carries significant weight. As noted above, a defendant seeking transfer must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). However, the Ninth Circuit has held that "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Here, the action has little connection with Plaintiff's choice of forum. The incident and alleged misconduct occurred after Plaintiff left Seattle, while she was in route from Seattle to Philadelphia, and continued once Plaintiff arrived in Philadelphia. Dkt. # 1-1 ¶ 4.7-4.28.

Plaintiff claims, nonetheless, that Washington is a more convenient location for her because her deployment in South Korea "will make it much more difficult for [her] to travel to Philadelphia than Seattle." Dkt. # 22-2 at 3. However, as noted by Defendant, the trial date was scheduled for August 16, 2021, a month after Defendant is expected to return from her deployment to her permanent base in Georgia, barring any delays. Dkt. # 23 at 3. The case has since been stayed, creating an even higher likelihood that Plaintiff will have returned from her deployment even if there any delays. Dkt. # 32. Based on this and because the incident has little connection to Washington, this factor does not weigh in Plaintiff's favor.

The respective parties' contacts with the forum are limited and therefore neutral with respect to transfer. As noted, Plaintiff is no longer a resident of Washington, and Defendant's contact with Washington involves flying into and from Washington airports.

ORDER – 5

Dkt. # 18 at 7.  The contacts relating to Plaintiff's cause of action in the chosen forum, however, weigh in favor of transfer.  Two of the four flight attendants Plaintiff accused of negligence are based in Philadelphia.  Dkt. 27-2 at 2.  The third flight attendant resides in Texas but regularly commutes to Philadelphia for work.  *Id.* at 3.  The gate agent whom Plaintiff also accused of negligence is a resident of Pennsylvania.  *Id.*  Plaintiff's parents, who were identified a lay-damages witnesses also reside in Pennsylvania.  Dkt. # 22 at 11.  Medical damages witnesses will be based in Pennsylvania, as well as Washington, and Georgia.  *Id.* at 13.  Although Plaintiff claims that "it is not yet possible to determine where the most important medical witnesses will be," her negligence claim will more likely than not substantially rely on the opinions of medical witnesses who first observed, diagnosed, and treated her injury in Pennsylvania.

      The differences in the costs of litigation in the two forums focuses on the proximity and relative convenience of the witnesses and "is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)." *Saleh*, 361 F. Supp. 2d at 1160.  Here, the majority of key witnesses are based in Pennsylvania.  Plaintiff claims that because Defendant has yet to disclose the addresses of other passengers on her flight so that she may identify additional potential witnesses, the list is incomplete and this factor is unascertainable.  Dkt. # 22 at 7.   However, it is indisputable that the majority of key witnesses, including those who are the subject of her allegations of neglect, and those who treated her immediately thereafter and can attest to the injury incurred, are based in Pennsylvania.  Dkt. # 27-2 at 4.  Plaintiff's discussion of her own inconvenience in having to travel from South Korea to Philadelphia is moot in light of the postponement of trial and her expected return to her permanent base in Georgia.  Indeed, the flight from Atlanta to Philadelphia is significantly shorter than the flight from Atlanta to Seattle.  This closer proximity would also benefit her medical providers in Georgia who are likely to testify as to her medical status, prognosis, and need for future medical treatment.  Dkt. # 18 at 10.  This factor weighs heavily in favor of transfer.

ORDER – 6

The seventh *Jones* factor, concerning availability of compulsory process, does not lean in favor of either party because neither side has identified any witnesses who are unwilling participants in the litigation.  Dkt. # 18 at 10-11; Dkt. # 22 at 16.  The parties also generally agree and the Court concurs that the eighth factor concerning ease of access to sources of proof leans slightly in favor of transfer.  *Id.* at 11; Dkt. # 22 at 16.

Finally, with respect to public policy considerations, the Court finds that a state's interest in resolving local disputes weighs in favor of transfer.  Because no part of the incident occurred in Washington and no parties reside in Washington, the Eastern District of Pennsylvania is the more appropriate forum to address the matter.  The Court does not agree that the motion is premature simply because Plaintiff has not yet identified additional potential witnesses.  *See* Dkt. # 22 at 18.  The bulk of key witnesses whose testimony is critical to establishing the elements of Plaintiff's claim have been identified and reside in Pennsylvania.  Because the foregoing analysis of factors weighs in favor of transfer, the Court **GRANTS** the transfer of venue to the Eastern District of Pennsylvania.

## II.   CONCLUSION

For the reasons stated above, Defendant's motion to transfer venue to the Eastern District of Pennsylvania is **GRANTED**.  Dkt. ## 22, 27.

DATED this 22nd day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7